UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DARRELL BURROWS,

               Petitioner,                             Case No. 1:11-cv-304

v.                                                        Honorable Robert J. Jonker

CINDI CURTIN,

               Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

    I.        Factual Allegations

Petitioner Darrell Burrows presently is incarcerated at the Oaks Correctional Facility. Following a jury trial, he was convicted of nine offenses: (1) receiving and concealing stolen property, MICH. COMP. LAWS § 750.5357; (2) third-degree fleeing a police officer, MICH. COMP. LAWS § 257.602a(3)(a); (3) assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84; (4) bank robbery, MICH. COMP. LAWS § 750.531a; (5) two counts of armed robbery, MICH. COMP. LAWS § 750.529; (6) being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; (7) carrying a concealed weapon, MICH. COMP. LAWS § 750.227; and (8) possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. He was sentenced by the Washtenaw County Circuit Court on April 5, 2007 to the following prison terms: two terms of 3 ½ to 7 ½ years for the offenses of receiving and concealing and fleeing a police officer; one term of 7 to 15 years for the assault conviction; one term of 11 to 40 years for the bank-robbery conviction; two terms of 23 to 40 years for the armed-robbery convictions; two terms of 3 to 7 years for the offenses of being a felon in possession of a firearm and carrying a concealed weapon; and a consecutive 2-year term for the felony-firearm conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising a single claim of ineffective assistance of trial counsel. In an unpublished decision issued August 26, 2008, the court of appeals rejected his appellate claim and affirmed the convictions. Petitioner sought leave to appeal to the Michigan Supreme Court. In his application, Petitioner raised the ineffective-assistance claim, together with two new claims: prosecutorial misconduct and suppression of the evidence. On November 28, 2008, the supreme court denied leave to appeal.

On August 21, 2010, Petitioner filed a motion for relief from judgment in the Washtenaw County Circuit Court, raising the three claims presented to the Michigan Supreme Court. The motion was denied on September 10, 2010. Petitioner apparently has not yet sought leave to appeal that decision to the Michigan Court of Appeals or Michigan Supreme Court.

Petitioner filed his habeas petition on or about March 7, 2011.[1] In response to an order of this Court, he filed an amended petition on April 22, 2011.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his original application on March 7, 2011, and it was received by the Court on March 25, 2011. Thus, it must have been handed to prison officials for mailing at some time between March 7 and 25. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's amended habeas application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on November 25, 2008. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, February 23, 2009.

Petitioner had one year from February 23, 2009, in which to file his habeas application. Petitioner filed on March 7, 2011, more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired on February 23, 2010, his collateral motion filed on August 21, 2010 does not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Petitioner does not specifically raise equitable tolling, though he argues that his "procedural default" should be excused by the ineffective assistance of counsel, citing *Strickler v. Greene*, 527 U.S. 263 (1999). *Strickler* is inapplicable to the issue of equitable tolling, and the concept of procedural default has no bearing on whether the statute of limitations has expired. Nonetheless, the Court acknowledges that, in certain narrow circumstances, serious attorney misconduct may warrant equitable tolling. *Holland*, 130 S. Ct. at 2565.

In *Holland*, the state appointed counsel to represent the petitioner in a death case in all state and federal postconviction proceedings. Despite the petitioner's regularly expressed concern about the running of the habeas statute of limitations, counsel delayed filing the petitioner's state-court postconviction motion until only 12 days remained in the one-year period of limitations for filing a habeas application. During the state postconviction proceedings, counsel repeatedly failed to communicate with the petitioner or to respond to his inquiries, and counsel never advised the petitioner of the state supreme court's final decision on the postconviction motion. Nor did counsel file a federal habeas application. The day the petitioner learned of the state supreme court's decision, five weeks after his habeas limitations period had expired, the petitioner drafted his *pro se* federal habeas corpus petition. *Id.* at 2555-57.

On these facts, the Supreme Court for the first time recognized that the principle of equitable tolling applies to the habeas statute of limitations. *Id.* at 2560-61 (applying the standard for equitable tolling first set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)). In

addressing Holland's equitable-tolling argument based on ineffective assistance of counsel, the Supreme Court reiterated its numerous prior holdings that "garden variety" attorney negligence does not warrant equitable tolling. *Id.* at 2564. Instead, the Court indicated that, to serve as a basis for equitable tolling, attorney error must amount to an extraordinary circumstance within the meaning of the *Irwin* test. *Id.* at 2564. The Court implied that equitable tolling appeared warranted in the *Holland* case, but, because the court of appeals had applied the wrong standard, the Supreme Court remanded the matter to the court of appeals to determine in the first instance whether Holland was entitled to equitable tolling. *Id.* at 2565.

In the instant case, unlike in *Holland*, Petitioner was not subject to the death penalty. He was not entitled to counsel either during his state-court motion for relief from judgment or in this Court, and he was unrepresented in both proceedings. He does not suggest that any attorney was either involved in his case or committed legal error during the running of the statute of limitations governing habeas review. Instead, he argues only that his attorney was ineffective at trial. Attorney error during conviction, sentencing and direct appeal are irrelevant to the timeliness of a habeas application because the habeas statute of limitations does not begin to run until after direct appeal is over. *Allen*, 366 F.3d at 403. As a consequence, Petitioner fails to show that the ineffectiveness of trial counsel represents the sort of extraordinary circumstance warranting equitable tolling. Further, Petitioner has wholly failed to argue or demonstrate the necessary diligence in pursuing his federal habeas remedy. *See Holland*, 130 S. Ct. at 2562; *Pace*, 544 U.S. at 418 ; *Lawrence*, 549 U.S. at 335. He therefore has not met the other prong of the equitable-tolling standard. Because he is not entitled to equitable tolling, Petitioner's habeas application is untimely.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: May 16, 2011   /s/ Hugh W. Brenneman, Jr.
   HUGH W. BRENNEMAN, JR.
   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).