UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL BURROWS,

        Petitioner,

                                                              CASE NO. 1:11-CV-304

v.

                                                              HON. ROBERT J. JONKER

CINDI CURTIN,

        Respondent.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 4) and Petitioner Burrows's Objections to Report and Recommendation (docket # 5).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections.  After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, which concluded that Mr. Burrows is not entitled to equitable tolling of the statute of limitations on his habeas claim, is factually sound and legally correct.

Equitable tolling should be applied sparingly, and only under extraordinary circumstances. *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A party seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 and n. 8 (2005)).  Mr. Burrows has not satisfied this test.

Mr. Burrows does not dispute the Magistrate Judge's finding that, absent equitable tolling, his habeas petition is time-barred.  Mr. Burrows asserts that he is entitled to equitable tolling, however.  Mr. Burrows claims that he failed to file his habeas petition within the applicable statute of limitations because he felt he needed to learn the law and obtain certain discovery materials before filing the petition.  (docket # 5, at 4.)  Mr. Burrows does not suggest that he lacked knowledge of the filing deadline.  Mr. Burrows acknowledges that after obtaining the materials he sought, he waited an additional eight months before filing his habeas petition.  (*Id.*)  This delay is inconsistent with a diligent pursuit of his rights.  But even assuming Mr. Burrows has been diligently pursuing his rights, Mr. Burrows's decision to undertake legal research and seek various materials before filing his habeas petition does not rise to the level of the kind of extraordinary

circumstance that would justify equitable tolling. *See, e.g. Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.")(quotation omitted). Mr. Burrows's objection is unavailing.

Mr. Burrows also raises a general objection that in essence reiterates his claim of ineffective assistance of counsel at his state court trial. (docket # 5, at 9-10.) As the Magistrate Judge correctly pointed out in his Report and Recommendation (docket #4), attorney error during conviction, sentencing and direct appeal are not relevant to the timeliness of a habeas petition, because the habeas statute of limitations begins to run only after direct appeal is over. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Therefore, Mr. Burrows's general objection concerning his state court trial counsel has no effect on the analysis in this case.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-*

*El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Mr. Ramirez has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge correctly concluded that Mr. Burrows's habeas corpus petition is barred by the one-year statute of limitations, and Mr. Burrows is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 4) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket ## 1, 3) is **DENIED** because it is barred by the one-year statute of limitations; and

2. Petitioner is **DENIED** a certificate of appealability.

Dated:   September 8, 2011            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE